## CIRCUIT COURT OF LOUDOUN COUNTY

Commonwealth of Virginia

v.

Charles W. Curtis

February 19, 1988

Case No. (Criminal) 5609

## By JUDGE THOMAS D. HORNE

On September 9, 1987, the Defendant initiated contact with the police concerning his knowledge of the circumstances surrounding the death of Judith DeMaria. Upon his contacting the police, he related to them a series of events which implicated another as the perpetrator of the offense. In addition to giving law enforcement officials an account concerning his knowledge of the crime, the Defendant accompanied the officers to the location where the remains of the deceased lay buried. He also led them to a residence in Martinsburg, West Virginia, where the Defendant suggested additional evidence might be recovered. The Defendant, although not in custody, was advised of his Miranda warnings approximately two hours after he initially contacted law enforcement officials and shortly after he had taken them to a wooded area where he located a bra. Investigator Turner, who read the Defendant his Miranda rights, testified that this was done at 11:20 P.M. on the evening of September 9, 1987. He was next advised of his rights at approximately 12:35 P.M. on September 10, 1987. On this occasion, Investigator Merchant read the Miranda rights to the Defendant, who in turn executed a written waiver which is filed among the papers to this proceeding.

In addition to two recorded statements, which were in turn transcribed, the Defendant was engaged in discussions with various officers from the time he contacted law enforcement officials on the evening of September 9, 1987. The court denies the motion to suppress as to the statement, Commonwealth's Exhibits Number 1 and Number 2. It is not the product of a custodial interrogation and therefore no Miranda warnings were required. Even were he deemed in custody, it would be admissible as the Defendant had already been advised of his rights by Investigator Turner. The question as to its "voluntariness" is subject to review by the jury; however, the statement is admissible. *Colorado v. Connelly*, --- U.S. ---, 55 L.W. 4043 (1986).

The court will deny the motion to suppress as to the statement recorded subsequent to his having been advised of his rights by Investigator Merchant (Commonwealth's Exhibits Number 5 and Number 6). Less than two hours had elapsed from the time of the advice of rights and the taking of the statement. The facts of this case are consistent with the holding in *Washington v. Commonwealth*, 228 Va. 535, 547-49 (1984), that:

> where a person, after receiving Miranda warnings, has once given a knowing and intelligent waiver of his constitutional rights, such waiver will be presumed to continue in effect throughout subsequent custodial interrogations until the suspect manifests, in some way, which would be apparent to a reasonable person, his desire to revoke it.

Certain statements were made by the Defendant after he had been taken into custody on the morning of September 10, 1987, and prior to his again being advised of his rights by Investigator Merchant. However, the fact that such warnings were not given or such statements were made, do not serve to exclude those statements made after he had been properly warned. *Payne v. Commonwealth*, 229 Va. 401, 408 (1985).

The court finds that the Defendant was "in custody" so as to require that Miranda warnings be given at the time he said to Investigator Merchant that he had not

been truthful and that it was he who had killed Judith DeMaria. In making a determination as to whether the Defendant was "in custody," the court must look to the following test,

> It is only when a suspect's freedom of movement is curtailed to a degree associated with formal arrest that the suspect is entitled to the full protection of *Miranda*. In making that determination, the situation must be viewed from the vantage point of how a reasonable man in the suspect's position would have understood his situation. *Wass v. Commonwealth*, 5 Va. App. 27, 32 (1987) *citing*, *Berkemer v. McCarty*, 468 U.S. 420, 442 (1984).

Accordingly, the court will grant the motion to suppress only as to those statements made between the time he stated to Investigator Merchant that it was he who committed the offense and the advice of rights and waiver by the Defendant. This testimony is contained in the transcript of January 21, 1988, between page 13, line 23, and page 16, line 5. The videotape is admissible, as that portion dealing with the Defendant begins at 12:51 P.M. This is subsequent to the advice of rights.

After the Defendant had retained counsel, Investigator Merchant and two other officers removed the Defendant from the jail to question him concerning other crimes with which he had not been charged. In a hallway en route to the conference room where he was to be questioned, the Defendant tendered to Investigator Merchant a map, Commonwealth's Exhibit Number 7. At the time of the delivery of the map, the Defendant was in custody and had retained counsel to represent him on the murder charge. Any conversation between Investigator Merchant and the Defendant, as well as the notations on the reverse side of the map must be suppressed. *Moran v. Burbine*, --- U.S. ---, 54 L.W. 4265 (1986); *Michigan v. Jackson*, --- U.S. ---, 54 L.W. 4334 (1986). However, this does not mandate the exclusion of the map. Assuming, *arguendo*, the applicability of the "bright line test" of the Sixth Amendment to the exclusion of things, the map is not the product of any conduct on the part of the police. The Defendant had

no right of privacy under the Fourth Amendment in something he voluntarily relinquished while in custody. See generally, *Green v. Commonwealth*, 223 Va. 706 (1982) (consent); *Hudson v. Palmer*, 468 U.S. 517 (1984).